**CORRECTED OPINION**

**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 99-6841

PAUL NAGY,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CA-98-951-2)

Submitted: October 29, 1999

Decided: November 16, 1999

Corrected Opinion Filed: March 8, 2000

Before MURNAGHAN, MOTZ, and KING,
Circuit Judges.

_____

Affirmed in part and vacated and remanded in part by unpublished
per curiam opinion.

_____

**CORRECTION ON PAGE 2**

**COUNSEL**

Paul Nagy, Appellant Pro Se. Fenita Morris Shepard, Michael David Bredenberg, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Paul Nagy appeals the district court's orders denying: (1) his motion to discontinue the administration of psychotropic medication; and (2) his motion to dismiss a certificate of mental disease or defect. We affirm in part and vacate and remand in part.

The district court denied the motion to discontinue the administration of psychotropic medication on the ground that consideration of the issue was barred by the doctrine of collateral estoppel. The court found that the exact issue was decided in a previous action, Nagy v. Lappin, No. 5:98-CT-282-H (E.D.N.C. Mar. 24, 1999) (unpublished). However, at issue in that case was the propriety of the involuntary administration of medication during Nagy's previous incarceration at FCI-Butner between October 1996 and March 1997. In the present motion, Nagy sought the discontinuation of psychotropic medication, whose administration began shortly after he was readmitted to Butner in August 1998. Because the core issues in the two matters are not identical, the district court erroneously applied the doctrine of collateral estoppel. See Tuttle v. Arlington County Sch. Bd., 189 F.3d 431, 437 & n.6 (4th Cir. 1999). We therefore vacate this portion of the district court's order and remand for consideration of Nagy's motion on the merits.

With respect to that portion of the district court's order denying Nagy's motion to dismiss, we have reviewed the record and the dis-

2

trict court's order and find no reversible error. Accordingly, we affirm on the reasoning of the district court. <u>See United States v. Nagy</u>, No. CA-98-951-2 (E.D.N.C. June 16, 1999).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART; VACATED AND REMANDED IN PART</u>